UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JUDITH C. WILLIAMS and<br>JAMES E. LOWDEN,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIDGESTONE AMERICAS TIRE<br>OPERATIONS, LLC,<br>JOHN DOE A, and<br>JOHN DOE B,<br><br>    Defendants. | Civil No. 15-13821<br><br>HON. ROBERT H. CLELAND<br>MAG. MONA K. MAJZOUB<br><br>**HIPAA QUALIFIED<br>PROTECTIVE ORDER**<br><br>**-AND-**<br><br>**ORDERS AUTHORIZING<br>DISCLOSURE OF PROTECTED<br>HEALTH INFORMATION** |

Under the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically 45 C.F.R. §164.512(e)(1)(i), (e)(1)(ii)(B), and (e)(1)(v), the Court institutes the following discovery procedures:

**DISCLOSURE AND DISPOSITION OF
PROTECTED HEALTH INFORMATION**

1.    The parties are prohibited from using or disclosing protected health information ("PHI") for any purpose other than the litigation of the above-captioned lawsuit; and

2.    The parties are required to return to the disclosing entity, or destroy the PHI (including all copies made), within 30 days of the conclusion of the litigation of the above-captioned lawsuit. ("Conclusion" is not defined by HIPAA but should be understood to include the time for any records retention requirements

1

and statutes of limitations applicable to a party or a party's counsel.  "Litigation" is not defined by HIPAA but should be understood to include all trial and appellate proceedings at any level or the expiration of the time to commence such further appellate proceedings without appeal).

## SUBPOENAS AND REQUESTS TO THIRD PARTIES

3. All persons, including but not limited to physicians and other medical providers, shall COMPLY with, and are hereby AUTHORIZED and ORDERED to use or disclose PHI in response to, any and all requests for and subpoenas for records under Fed. R. Civ. P. 45 to which no objection has been timely made in the course of this litigation.

## WRITTEN DISCOVERY

4. Without waiver of any right to prepayment of costs or any other appropriate objection or privilege that may be timely asserted, the attorneys, employees, agents, and designees of each party or party's legal counsel in this case are expressly and specifically AUTHORIZED and ORDERED to disclose and provide requested PHI to respond to valid Requests for Production, Requests for Inspection, Requests to Admit, and Interrogatories served pursuant to the Federal Rules of Civil Procedure seeking PHI.

## EXPERT COMMUNICATIONS

5. The attorneys, employees, agents, and designees of each party or party's legal counsel in this case are expressly and specifically AUTHORIZED and

ORDERED to disclose and provide requested PHI in response to each party's own experts' oral or written requests for PHI, regardless of whether the requesting expert is considered retained for compensation or non-retained, or is classified as a testifying or non-testifying expert.

## DEPOSITIONS

6. Without waiver of any right to prepayment of costs, fees and expenses, or any other appropriate objection or privilege that may be timely asserted, each deponent duly noticed for deposition in the above-captioned litigation, including but not limited to a party, a fact witness, a records custodian, an expert, or a healthcare provider of any type, is expressly and specially AUTHORIZED and ORDERED to use and to disclose to the attorneys, employees, agents, and designees of each party or each party's legal counsel in this case a party's PHI that is responsive to deposition questions or a valid *duces tecum* at such duly noticed deposition.

## JUDICIAL PROCEEDINGS

7. Without waiver of any right to prepayment of costs, fees, and expenses or any other appropriate objection or privilege that may be timely asserted, all witnesses duly appearing at, or subpoenaed for, any judicial proceeding related to this litigation, including but not limited to trial, are specifically and expressly AUTHORIZED and ORDERED to use and disclose a party's PHI at such judicial proceeding.

3

## COURT REPORTER AND
## OTHER SERVICE PROVIDERS

8. Without waiver of any right to prepayment of costs, fees and expenses, or other appropriate objection or privilege that may be timely asserted, any person or entity authorized or ordered above to use or disclose PHI is expressly and specifically AUTHORIZED and ORDERED to do so with, to, or before any court reporter service, videography service, translation service, photocopy service, document management service, records management service, graphics service or other such litigation service, designated by a party or a party's legal counsel in this case. The protections and requirements above specifically apply to any such service so designated.

9. Each party or the party's legal counsel is charged with giving notice of the obligations imposed by this Order to any such service the party or counsel so designates, and is further charged with obtaining advance consent of such service to comply fully with this Order. Upon such consent, the service will be deemed to have voluntarily submitted to the Court's jurisdiction during the pendency of this litigation for purposes of enforcement of this paragraph, including but not limited to the imposition of such sanctions, monetary or otherwise, as may be appropriate for any non-compliance.

## MENTAL HEALTH AND OTHER RECORDS

10. Each authorization for the disclosure and use of PHI in this Order expressly includes PHI concerning psychological and mental health records,

4

disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases, if so requested. The command of the Court in this paragraph is a separate authorization for use or disclosure of PHI that is in addition to, and potentially inclusive of, the use and disclosures authorized under the HIPAA Qualified Protective Order set forth above.

## BUSINESS ASSOCIATE AGREEMENTS

11. Except for business associate agreements (within the meaning of HIPAA regulations) entered into by a party or a party's legal counsel for purposes of satisfying the requirements of this Order, the uses and disclosures of PHI authorized under this Order are separate from, and not to be deemed subject to, any business associate agreement that has been or will be executed by any party, any party's legal counsel, or any disclosing person or entity. No use or disclosure made pursuant to this Order shall be deemed to require execution of a business associate agreement (within the meaning of the HIPAA regulations). The intent of this Order is that the uses and disclosures made pursuant to it should not be subject to such business associate agreements, or to any requirement for such agreements under the HIPAA regulations. Such agreements should be construed as inapplicable to any uses or disclosures made pursuant to this Order and, therefore, as limited only to the uses and disclosures of PHI outside of this Order.

## EXPIRATION OF ORDER

12. Unless a motion to enforce this Order has been filed in this case and remains pending at the time, this Order expires 30 days after the conclusion of this

5

litigation by any dismissal or by final judgment, through and including all appellate proceedings, unless the time for commencing such proceedings has expired without an appeal.

**SO ORDERED.**

Dated: January 6, 2016                                  s/Robert H. Cleland
                                                        HON. ROBERT H. CLELAND
                                                        United States District Judge


**SO STIPULATED.**


/s/ Frederick W. Girodat II                      /s/ Joseph E. Richotte
FREDERICK W. GIRODAT II (P45729)                 DANIEL P. MALONE (P29470)
*Attorney for Plaintiffs*                        JOSEPH E. RICHOTTE (P70902)
                                                 *Attorneys for Bridgestone Americas*
                                                 *Tire Operations, LLC*

6